UNITED STATES *v.* SCHROEDER & TREMAYNE, INC., JAMES H. RHODES & Co. (No. 4783)[1]

United States Court of Customs and Patent Appeals, March 23, 1954

*Warren E. Burger*, Assistant Attorney General (*Daniel I. Auster*, special attorney, of counsel), for the United States.

*John D. Rode* for appellees.

[Oral argument December 8, 1953, by Mr. Auster and Mr. Rode]

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Associate Judges

JOHNSON, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Second Division, Appellate Term, rendered pursuant to its decision, A. R. D. 16, which affirmed the judgment of the trial court, rendered pursuant to its decision, Reap. Dec. 7771, 24 Cust. Ct. 505, involving reappraisement Nos. 159119–A/00354 and 159168–A/00405, and finding the dutiable value to be the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930 [19 U. S. C. 1402 (d)] as applying to certain sponges imported to the United States from Havana, Cuba.

---

[1] C. A. D. 558.

The merchandise was imported by appellees from Havana, Cuba, in 1943 and 1946, and consists of certain specified bales of wool sponges. The sponges were purchased in Cuba, packed in bales, by weight in units of pounds. On arrival in the United States it was found that the bales of sponges had lost varying amounts of their invoiced weight due to evaporation of water. In appraising the sponges, the examiner added a certain percentage to the per pound invoiced price to make up for the loss in weight. Appellees objected to this percentage addition and appealed for reappraisement, pursuant to the provisions of section 501 of the Tariff Act of 1930, as amended by section 16 (b) of the Customs Administrative Act of 1938 [19 U. S. C. 1501, as amended].

The appeal for reappraisement was heard by a single judge, as provided for in section 501, *supra*. At the trial much evidence was introduced to show that the sponges were bought in the principal market by the pound; that the per pound price varies according to the selection and size of the sponges purchased; that the moisture content of the sponges is not a factor in the purchase of the sponges. One of appellees' witnesses testified that sometimes the dealer in Havana will offer a group of sponges varying in size and quality at a certain price per pound. This price is based on the purchase of the entire lot. All of the witnesses were in agreement that nothing is said about the moisture content of the sponges when ordering. As stated by the trial judge in his findings of fact:

2. That at the time of exportation of the merchandise involved in the principal markets of Cuba such sponges were offered for sale and sold by weight in units of pounds, and that in such offers and sales the moisture content was not a factor entering into the price.

Appellant argues that there has been a change in the character of the sponges imported. It is urged upon us that the presence or absence of moisture in the imported sponges is a trait of its character and this is not to be measured by the quantity of the importation. Apparently, both parties are in agreement that the importer should not pay duty on the pounds not imported. This is stated in appellant's brief as follows:

Clearly, the importer should not pay duty on pounds of merchandise not imported and it is not sought in this case to compel him to do so.

But, appellant insists, the value of the merchandise, as imported, must be increased as to the price per pound to reflect the actual value of the sponges in the condition in which they arrived in New York. It is appellant's view that the static value of the sponges has remained the same, that the mere loss of moisture has neither increased nor decreased the actual value of the sponges purchased by the importers and, therefore, the percentage additions are necessary

to bring the dutiable value of the importations to the actual value of the sponges imported. Appellant also insists that the appellees did not prove that the export value of the sponges, as imported, was the same as the invoiced or entered value. Therefore, appellant argues, the appellees have failed to sustain their burden of proof.

Appellees contend that the unit values of the imported sponges were not increased by the loss in weight due to evaporation. They argue that since the moisture content is not a factor in determining the per pound price of sponges in the principal market and since sponges are never offered at different prices according to their moisture content then the price at which such or similar sponges were freely offered for sale, in the condition as imported, was no different than the invoiced and entered price.

Both parties rely on the case of *United States* v. *Joseph Fischer et al.*, 32 C. C. P. A. (Customs) 62, C. A. D. 286, to support their arguments. In that case certain green steer hides were imported from Argentina and entered at the port of New York. The merchandise was entered at a certain number of Argentine paper pesos per 100 kilos. To this value the appraiser had added a certain percentage for shrinkage after exportation. In affirming the action of the appraiser this court stated, at pp. 67, 68:

> We are of the opinion that, although the values returned by the local appraiser may not be correct, he had the authority to appraise the merchandise *in its condition* as imported in the unit of quantity in which such or similar merchandise is usually bought and sold in the country of exportation by estimating the shrinkage thereof from the time of exportation to the time of importation, if, by so doing, the dutiable values might be properly ascertained. [Italics quoted.] * * * Furthermore, *there is nothing whatsoever in the record* to indicate that the values returned by the appraiser are not the proper dutiable values of the merchandise. [Italics supplied.]

and at p. 66 this court quoted the trial court as follows:

> * * * it is, in fact, reasonable to suppose that *the amount of moisture* in hides bought and sold on the basis of weight *would be a factor* in determining their value in the country of exportation on any given date, * * *. [Italics supplied.]

That that case cannot be followed to support appellant's view should be obvious. Here, there is considerable uncontradicted evidence that *the amount of moisture* in sponges bought and sold on the basis of weight *is not a factor in determining their value* in the country of export. Also, we find ample evidence in the record to indicate that the values returned by the appraiser are not the proper dutiable values of the merchandise.

The record is replete with testimony that sponges are never bought or sold according to their moisture content. There was substantial evidence before the trial court to clearly show that sponges are always purchased by the pound in the country of exportation, and

that the per pound price is not influenced in any way by the moisture content of the sponges. If we accept this as true, and we must since it is not contradicted by any evidence, then it appears that the conclusion of the lower court was correct. If the moisture content of the sponges does not affect their per pound price in the principal market, then regardless of whether a particular bale of sponges gained or lost weight due to its moisture content, the per pound price of the bale would remain constant. Therefore, we must conclude that the entered unit values represent the correct dutiable values of the imported sponges in their condition as imported. *United States* v. *Fritzsche Bros., Inc.*, 35 C. C. P. A. (Customs) 60, C. A. D. 371.

We have considered appellant's argument that the importers have failed to prove that the involved sponges, in their condition as imported, were sold at the invoiced unit price. However, we have ruled that the challenging of one item of an appraisement does not destroy the presumption of correctness attaching to all the other items of the appraisement. *United States* v. *Fritzsche Bros., Inc., supra; United States* v. *Freedman & Slater, Inc.*, 25 C. C. P. A. (Customs) 112, T. D. 49241. Therefore, in proving that the percentage additions made by the appraiser were wrong appellees did not destroy the remainder of the appraisement, the invoiced unit value, which is presumed to be correct. Further, we consider that appellees did prove that the invoiced unit values were the proper values for appraisement by proving that the moisture content was not a factor in determining the selling price in the principal market.

Appellant also assigns as error the failure of the Appellate Division to rule on certain exclusions and admissions of evidence by the trial court. However, the brief of appellant contains no mention of this alleged error, nor was it discussed in the oral argument. Therefore, we consider this assignment of error to have been abandoned. *Stan Newcomb and Barbara Todd* v. *United States*, 37 C. C. P. A. (Customs) 18, C. A. D. 413, and cases cited therein.

We have carefully reviewed all of the arguments presented to us as well as all of the cited cases, but deem it unnecessary to discuss them further. For the reasons hereinbefore stated the judgment appealed from is *affirmed*.